PENNSYLVANIA CEMENT CO. v. BRADLEY CONTRACTING CO. et al.

(Circuit Court of Appeals, Second Circuit. June 30, 1921.)

No. 262.

Contempt ⬳66(2)—Order directing commitment held not appealable.

An order to the United States marshal to forthwith commit one to jail, to be there detained as and for a contempt of court, until he should comply with orders thereof, was not appealable, where prior orders had determined such person guilty of contempt and subject to imprisonment, being merely incidental to the prior orders.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Pennsylvania Cement Company against the Bradley Contracting Company and Frank Bradley, as president, etc. From an order directing that he be committed for contempt of court, the last-named defendant appeals. Appeal dismissed.

Thomas Henry Keogh, of New York City, and Henry A. Foster, for appellant.

Leo Oppenheimer, of New York City (Samuel H. Kaufman and Milton P. Kupfer, both of New York City, of counsel), for appellees.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. October 5, 1918, the Bradley Contracting Company was, upon a general creditors' bill consented to by the company, put into the hands of receivers. The bill alleged that the company was solvent and that the receivership was necessary to prevent a waste and sacrifice of its assets and to accomplish a fair distribution of them among its creditors.

November 4 and December 3, 1920, respectively, the receivers entered into two contracts for the sale of two separate parcels of land belonging to the company; it being agreed in each case that the company should execute a deed in proper statutory short form, with the usual full covenants and warranty, and that the receivers would also give a quitclaim deed, if required. December 23, 1920, and January 7, 1921, the court entered an order in the case of each parcel approving the contract of sale, and directing the Bradley Company to execute such deeds, and authorizing the receivers to execute quitclaim deeds.

January 13, 1921, the officers of the company having refused to execute warranty deeds, the receivers filed a petition that they be punished for contempt. January 15 an order was granted requiring the officers

to show cause why they should not be punished for contempt. January 18 they filed an answer denying that the court had any jurisdiction of the subject-matter of the action—that is, of the receivership—or of the parties to the action, or of themselves as officers of the corporation, and alleging that all orders theretofore entered in the course of the receivership were void, and particularly that the order requiring them to show cause why they should not be punished for contempt should be quashed, annulled, set aside, and held for naught. January 25 Hough, J., entered an order concluding as follows:

"Ordered, adjudged, and determined that William Bradley, James Bradley, and Frank Bradley are guilty of a contempt of this court in having willfully and deliberately disobeyed the lawful orders of this court, filed herein on the 23d day of December, 1920, and on the 8th day of January, 1921, and in failing and refusing to execute deeds in accordance with said orders; and it is

"Further ordered, adjudged, and determined that William Bradley, James Bradley, and Frank Bradley be forthwith arrested by the marshal of this district, and be brought before this court, to be committed for the contempt aforesaid, and to be imprisoned by the United States marshal for the Southern district of New York until they shall obey the lawful orders of this court heretofore entered on the 23d day of December, 1920, and the 8th day of January, 1921, and shall execute the deeds provided for in said orders, or until further order of this court." .

April 4 the defendant Frank Bradley was apprehended by the United States marshal. April 5 Judge Hough entered an order concluding as follows:

"Ordered, that the United States marshal for the Southern district of New York forthwith commit said Frank Bradley to the Ludlow Street jail, to be there detained as and for a contempt of this court until such time as said Frank Bradley shall comply with the orders of this court duly entered herein on the 23d day of December, 1920, and the 8th day of January, 1921, respectively, and until the further order of this court."   .

Bradley appeals from this order.

A proceeding by habeas corpus would have been appropriate to this order; but, as the order was merely incidental to the orders of December 23, 1920, and January 8, 1921, which pronounced Bradley to be in contempt, it is not appealable. If he be entitled to any relief, it can only be by review of those orders.

Appeal dismissed.